Houck, J.
The parties here stand in the reverse order from which they stood in the common pleas court.
The suit below was for damages sought to be recovered by C. J. Waltz from John Reese on account *296 of a collision between automobiles owned by these parties. The plaintiff alleged carelessness and negligence on the part of the driver of the Reese car, to-wit, Vernon Reese, a son of the defendant, John Reese. The petition alleged:
“That at the time of the collision between said automobiles that the defendant’s automobile was being managed, operated and under the control of a son of the defendant, Vernon Reese, a member of the family of the defendant and with full knowledge and consent of said defendant and as his agent. All of which damage, as aforesaid, was caused wholly as a result of the carelessness and negligence on the part of said Vernon Reese, the son and agent of said John Reese.”
The defendant answered as follows:
“Admits that the defendant on the 24th day of January, 1919, was the owner of a certain eight cylinder passenger touring Apperson automobile.
“Admits that at said time, defendant’s son, Vernon Reese, was operating the said car upon the street in the city of Uhrichsville, but avers that said Vernon Reese in the operation of said car was not the agent of the defendant, but that he had wrongfully taken said machine from the barn of the defendant, and without the knowledge and consent of said defendant, and that he was operating the same contrary to the defendant’s wishes.
“Defendant further answering denies each, all and every other allegation in the petition of plaintiff, not hereinbefore specifically admitted to be true.”
The cause was submitted to a jury and a verdict returned for the plaintiff. A motion for a new trial *297 was filed, heard and overruled, and a judgment entered on the verdict.
Error is prosecuted to this court seeking a reversal of the judgment entered in the lower court.
We have examined all of the alleged errors set out in the petition in error, but deem it necessary to refer to but one in this opinion, namely: Did the trial judge err in his general charge to the jury?
On page 119 of the bill of exceptions, in its charge to the jury, the court said:
“Now the defendant does not specifically deny the damages or the happening of the accident; does not specifically deny that it happened by the negligence of the driver of the defendant’s car.’
This was in substance and effect telling the jury that the defendant admitted that there was an accident and that it was caused by the negligence of the driver of defendant’s car.
The defendant in his answer made a general denial of all of the material allegations of the petition of plaintiff, one of which was that the driver of the car was negligent in its operation.
The question of negligence on the part of the operator of the car being denied by defendant, it was one of the questions' put in issue in the trial of the case, and the duty devolved upon plaintiff to establish it by proper evidence.
We find and hold this part of the charge not only misleading but highly prejudicial and erroneous to the rights of plaintiff in error.
As appears at the bottom of page 119, the court charged the jury:
“If you find that he — the son — was operating that car with the consent and knowledge of the de *298 fendant, his father, I charge you that the recovery would have to be for the plaintiff.”
On page 122 the court said:
“Now if the testimony and circumstantial evidence here be sufficient to convince you, by a preponderance of the evidence that this father did sanction, did permit, did let, I won’t 'say approve but did consent and let that boy drive this car, on this particular occasion, then your verdict should be for the plaintiff.”
It will be observed that this instruction directed the jury to find for the plaintiff if they found that the defendant approved and permitted his son to operate the automobile in question at the time of the accident.
One of the real questions at issue and necessary to be established was as to the proximate cause of the damages to the automobile of the plaintiff below, and before a verdict in favor of the plaintiff could be legally had the evidence must show that the son was not only authorized to operate the car, at said time, but that the damage complained of was caused by the negligence of the son of plaintiff.
This instruction fails to show that the latter question of fact was given, in charge, to the jury.
It follows that in this respect the trial judge erred to the prejudice of plaintiff in error.
We have read with care the charge, as given to the jury by the judge presiding at the trial, and there is no instruction therein to the jury that before the plaintiff can recover the jury must find, by a preponderance of the evidence, that the proximate cause of the damage to the automobile in *299 question was the negligence of Vernon Reese, the son of the defendant.
We think it is a settled rule of law that the charge of a trial judge to a jury should not be a charge as to abstract propositions of law. It must embody the law applicable to the proven facts, and the instruction to the jury should be of such a nature as to direct their attention to the controlling issues of fact in the case. This is essential and necessary in. order that the verdict be based upon the real issues -to be determined in each case.
“A charge of court is erroneous which permits the plaintiff to recover on a preponderance of the evidence, regardless of his own possible negligence, and without the negligence of the defendant being the direct or proximate cause.” Cincinnati Traction Co. v. Oberschmid, 12 C. C., N. S., 262.
“That the general rule is, that where the parties are mutually in fault, or in other words, where negligence of the same nature, in each party, has co-operated to produce the injury, the party sustaining the loss is without remedy; but that this rule is subject to the following qualifications:
“First. The injured party, although in the fault to some extent, at the same time, may, notwithstanding this, be entitled to reparation in damages for an injury, which could not have been avoided by ordinary care on his part.
“Second. When the negligence of the defendant in a suit upon such ground of action, is the proximate cause of the injury, but that of the plaintiff only remote, consisting of some act or omission, not occurring at the time of the injury, the action *300 for reparation is maintainable.” Kerwhaker v. C., C. & C. Rd. Co., 3 Ohio St., 172, 195.
It follows, from what we have already said, that the common pleas court erred in its charge to the jury, and the judgment, of that court in this case is reversed, and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Shields and Patterson, JJ., concur.